United States District Court
for the
Southern District of Florida

Anne Begin, Plaintiff,       )
                             )
v.                         )    Civil Action No. 21-20271-Civ-Scola
                             )
MSC Cruises S.A, Defendant.  )

### Order Requiring Amended Complaint And to Show Cause

This matter is before the Court upon an independent review of the record. This action arises from injuries allegedly sustained by the Plaintiff when she fell and injured herself while on Defendant MSC Cruises S.A.'s private island. (Compl, ECF No. 1 ¶11). For the reasons set forth below, the Court **strikes** the Plaintiff's complaint as it is an impermissible shotgun pleading. **(ECF No. 1).**

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018).

Counsel is familiar with these principles as the Court has struck complaints filed by the law firm Lipcon, Margulies, Alsina & Winkleman, P.A., or found them to be impermissible shotgun pleadings, in at least eight other cases.[1] Indeed, as recently as December 30, 2020, Lipcon Margulies represented to this Court in a different yet similar case that it would ensure that the law firm does not submit any complaints suffering from the deficiencies discussed here. *Drake v. Celebrity Cruises, Inc.*, No. 20-Civ-25158,

---

[1] *See, e.g., Drake v. Celebrity Cruises, Inc.*, No. 20-Civ-25158, ECF No. 4 (S.D. Fla. Dec. 21, 2020); *Ortiz v. Carnival Corp.*, No. 20-24838-Civ, 2020 WL 6945958 (S.D. Fla. Nov. 25, 2020) (Scola, J.); *Araica v. Royal Caribbean Cruises, Ltd.*, 19-24988-Civ, 2020 WL 1033638 (S.D. Fla. March 3, 2020) (Scola, J.); *Wheeler v. Carnival Corp.*, No. 20-20859-Civ, 2020 WL 977935 (S.D. Fla. Feb. 28, 2020) (Scola, J.); *Murphy v. Carnival Corp.*, 426 F. Supp. 3d 1311 (S.D. Fla. 2019) (Scola, J.); *Wilson v. NCL Bahamas*, 18-25203-Civ, 2019 WL 2106470 (S.D. Fla. May 14, 2019) (Goodman, Mag. J.); *Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-Civ., 2019 WL 8895224 (S.D. Fla. March 7, 2019) (Scola, J.); Order, ECF No. 30, *Serra Cruz v. Carnival Corp.*, 18-23033, (S.D. Fla. Feb. 12, 2019) (Ungaro, J.).

(Resp. Order to Show Cause, ECF No. 7) (S.D. Fla. Dec. 30, 2020). Despite these repeated admonishments and counsel's representations to this Court, counsel from Lipcon Margulies continue to file complaints with the Court that suffer from the same deficiencies.

The Eleventh Circuit has identified four typical types of shotgun pleadings, one of which is where counsel "does not separate each cause of action or claim for relief into a different count." *Barmapov v. Amuial*, No. 19-12256, 2021 WL 359632, at *2 (11th Cir. Feb. 3, 2021); *Wilson v. NCL Bahamas*, 18-25203-Civ, 2019 WL 2106470 (S.D. Fla. May 14, 2019) (Goodman, Mag. J.) (quoting *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)).

In Plaintiff's complaint, counsel attempts to force multiple distinct theories of negligence of liability into three counts of negligence. For instance, in Count III of the Plaintiff's complaint, titled "general negligence," Plaintiff pleads 21 different ways the Defendant committed negligence, including claims such as negligent failure to supervise and negligent failure to train, among many others, when each of these claims is a distinct theory of liability that must be asserted independently and with corresponding supporting factual allegations. *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading," where the plaintiff alleged that the defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which [the d]efendant breached this duty"); *Doe v. NCL (Bahamas) Ltd.*, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.) (holding that Plaintiff's "boilerplate allegations" of breach of duty failed to state a claim for negligent hiring and retention, training and supervision under maritime law, and ordering Plaintiff to "allege each of these three claims **in separate Counts**" in an amended complaint) (emphasis in original). Counts I and II do not fare any better. Count I alleges six different ways in which the Defendant breached its duty to warn the Plaintiff about the litany of dangers that may have caused the Plaintiff's injuries. Similarly, Count II pleads 5 different ways that the Defendant failed to maintain the sidewalk on its private beach.

The Plaintiff is also admonished for alleging facts in the alternative. The Court notes that the Plaintiff's complaint is replete with "and/or" alternative factual allegations. As this Court has advised Plaintiff's counsel before when they have alleged facts in the alternative, "[e]ither a fact or conclusion is alleged or isn't. And any legal conclusions that form the basis for any claims must be made in good faith and supported by factual allegations." *Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-Civ., 2019 WL 8895224, at *2 (S.D. Fla.

March 7, 2019) (Scola, J.); *see also* Fed. R. Civ. P. 11. Upon repleading, the Plaintiff must ensure that she has a reasonable basis, based on the facts of this case, that there are indeed facts that underscore every allegation in the complaint. The Court cannot discern which factual allegations Plaintiff actually asserts in her complaint when facts are plead in the alternative. Therefore, the Plaintiff must remove any "and/or" alternative factual pleadings from her amended complaint.

Finally, the Court notes that each count of the Plaintiff's complaint purports to assert claims for "[o]ther acts of negligence which will be revealed in discovery." (ECF No. 1.) By way of her complaint, the Plaintiff is baldly "seeking to change the logical sequence of litigation" and "seeks discovery to learn whether it may be able to assert a valid claim." *Sovereign Bonds Exch. v. Fed. Republic of Ger.*, No. 10-21944-Civ., 2011 WL 13100214, at *1 (S.D. Fla. Aug. 9, 2011) (Altonaga, J.) (internal quotations omitted). This is not permitted. The Plaintiff may not file her complaint with the hopes of receiving discovery to learn if she has additional viable claims. *Christie v. Royal Caribbean Cruises, Ltd.*, No. 20-22439-Civ, 2020 WL 6158815, at *7 (S.D. Fla. Oct. 21, 2020) (Scola, J.). If the Plaintiff attempts to replead yet-to-be discovered claims by way of her complaint, the Court will strike that aspect of the Plaintiff's complaint. The only way the Plaintiff can introduce new claims is by amending her complaint in accordance with Federal Rule 15.

Accordingly, the Court **strikes** the Plaintiff's complaint (**ECF No. 1**), as a shotgun pleading. The Plaintiff may file an amended complaint by **February 19, 2021**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard.

The Plaintiff is forewarned that **failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions**. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike her pleading or, depending on the circumstances, dismiss her case and consider the imposition of monetary sanctions." (quotations omitted)).

Additionally, Plaintiff's counsel must also **show cause** by **February 19, 2021**, as to why the law firm of Lipcon, Margulies, Alsina & Winkleman, P.A. should not be sanctioned for its repeated failure to follow the Court's instructions.

Counsel's response must also provide an assurance to the Court that future complaints filed by Lipcon, Margulies, Alsina & Winkleman, P.A. will not suffer from the same deficiencies the Court has ordered Plaintiff's counsel to fix time and time again.

**Done and ordered** in Miami, Florida, on February 12, 2021.

Robert N. Scola, Jr.
United States District Judge